UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LAURA A. ROSE,<br><br>   Plaintiff,<br><br> v.<br><br>FACEBOOK,<br><br>   Defendant. | Case No. 23-cv-04128-PHK<br><br>**ORDER RE: MANDATORY SCREENING OF COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(b)**<br><br>Re: Dkt. No. 1 |

  The Court previously granted Ms. Rose's application to proceed *in forma pauperis*. [Dkt. 6]. The Court now undertakes a determination of whether Ms. Rose's complaint must be dismissed pursuant to the mandatory screening requirements of § 1915(e)(2)(B). For the reasons set forth below, the Court does not dismiss Ms. Rose's complaint. The Court directs the Clerk of the Court to issue a summons and directs the Marshals to serve all relevant documents on Defendant Facebook, Inc. ("Facebook").

## BACKGROUND

  On August 14, 2023, Ms. Laura Rose filed a civil complaint against Facebook. [Dkt. 1]. Ms. Rose avers jurisdiction according to the Stored Communications Act ("SCA") pursuant to 18 U.S.C. § 2701. *Id.* at 5. Ms. Rose avers she "has been a Facebook user since 2007. In this time [*sic*] they have gone from a social media website to a data broker. Facebook violated consumer fraud laws and privacy laws by sharing users [*sic*] private Facebook information with 3rd [*sic*] parties without users [*sic*] consent or knowledge. Facebook failed to purposely protect user

information from unauthorized access.  Facebook sold access to third parties without users [*sic*] knowledge or consent."  *Id.* at 3–4.  Ms. Rose further avers she "did not authorize FACEBOOK [*sic*] to share their content and information with third party Apps, including Whitelisted Apps, or with Facebook's Business Partners such as device makers in violation of users' personal privacy settings."  *Id.* at 5.  Ms. Rose filed an application to proceed *in forma pauperis* on the same day she filed her complaint, [Dkt. 2], which the Court granted.  *See* Dkt. 7.  Ms. Rose has consented to Magistrate Judge Jurisdiction.  [Dkt. 6].  Now, the Court undertakes the mandatory screening requirement pursuant to section 1915.

## LEGAL STANDARD

Any complaint filed pursuant to the *in forma pauperis* provisions of section 1915(a) is subject to mandatory review by the Court and *sua sponte* dismissal if the Court determines the complaint is: (I) "frivolous or malicious," (II) "fails to state a claim on which relief may be granted," or (III) "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

If the Court dismisses a case pursuant to section 1915, the Plaintiff may still file the same complaint by paying the filing fee because dismissal is not on the merits; rather, the dismissal is an exercise of the Court's discretion under the *in forma pauperis* statute.  *Biesenbach v. Does 1-3*, No. 21-CV-08091-DMR, 2022 WL 204358, at *2 (N.D. Cal. Jan. 24, 2022) (citing *Denton v. Hernandez*, 504 U.S. 25, 32 (1992)).  Additionally, a *pro se* Plaintiff's pleadings are liberally construed and afforded the "benefit of any doubt."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted).

## DISCUSSION

**I.   WHETHER THE COMPLAINT IS FRIVOLOUS OR MALICIOUS**

As an initial matter, the Court finds Ms. Rose's complaint is not "frivolous or malicious." A "case is frivolous if it is 'of little weight or importance: having no basis in law or fact.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citations omitted).  "A case is malicious if it was filed

with the 'intention or desire to harm another.'" *Id.* (citations omitted).

First, Ms. Rose bases her claim against Facebook in law and fact. Ms. Rose avers jurisdiction according to the SCA. [Dkt. 1 at 3–5]. The SCA creates a private right of action against anyone who: "(1) intentionally accesses without authorization a facility through which an electronic communication service is provided; or (2) intentionally exceeds an authorization to access that facility; and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system." *In re Google*, 457 F. Supp. 3d 797, 819 (N.D. Cal. 2020); 18 U.S.C. § 2701(a).

Ms. Rose alleges that she "has been a Facebook user since 2007[,]" that Facebook has engaged in conduct that violates the SCA through "sharing users [*sic*] private Facebook information with 3rd [*sic*] parties without users consent or knowledge[,]" and that "Facebook failed to purposely protect user information from unauthorized access." [Dkt. 1 at 3]. As such, Ms. Rose has a basis in law, the SCA, and facts, her specific allegations of Facebook's alleged violations associated with sharing users' private information.

Secondly, Ms. Rose's claims have not been filed with the "intention to desire to harm another." As alleged, Ms. Rose is pursuing a private cause of action against Facebook for SCA violations. [Dkt. at 5]. Ms. Rose's complaint bears no indicia that she has the "intention to desire to harm" Facebook through this action; rather, the complaint indicates she wishes to pursue her private right of action under the SCA. *Id.* As such, the Court find Ms. Rose's complaint is not frivolous or malicious. Therefore, Ms. Rose's complaint meets the first requirement under section 1915.

II. **WHETHER THE COMPLAINT STATES A CLAIM ON WHICH RELIEF MAY BE GRANTED**

The next issue is whether the complaint states a claim on which relief may be granted. Determining whether a complaint states a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2000). In reviewing a complaint for these purposes, "[t]he standard for determining

whether a plaintiff has failed to state a claim upon which relief may be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison*, 668 F.3d at 1112 (citing *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)). Under this familiar test for the sufficiency of a complaint, "[t]he Rule 12(b)(6) standard requires a complaint to 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A pleading must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). In other words, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

Moreover, "[a]lthough a *pro se* litigant . . . may be entitled to great leeway when the court construes his [or her] pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. United States Dept. of Navy*, 66 F.3d 193, 199 (9th Cir.1995).

Here, Ms. Rose avers jurisdiction according to the SCA. [Dkt. 1 at 5]. As explained above, the SCA creates a private right of action against anyone who: "(1) intentionally accesses without authorization a facility through which an electronic communication service is provided; or (2) intentionally exceeds an authorization to access that facility; and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system." *In re Google*, 457 F. Supp. 3d at 819; 18 U.S.C. § 2701(a). However, section 2701(a) does not apply "to conduct authorized (a) by the person or entity providing a wire or electronic communications service; [or] (b) by a user of that service with respect to a communication of or intended for that user." *Id.* In other words, to make out a claim under either subsection of the section 2701(a), Ms. Rose must show Facebook: (A) gained unauthorized access to a (B) "facility"

4

where it (C) accessed an electronic communication in (D) "electronic storage." *In re Facebook, Inc.*, 956 F.3d 589, 608 (9th Cir. 2020).

### A. The Unauthorized Access Element Under the SCA

With regard to unauthorized access, Ms. Rose alleges that Facebook violated "consumer fraud laws and privacy laws by sharing user [*sic*] private Facebook information with 3rd [*sic*] without users [*sic*] consent or knowledge." [Dkt. 1 at 3]. She further alleges that Facebook failed to "protect user information from unauthorized access[,]" that Facebook "sold access to third parties with out users [*sic*] knowledge or consent[,]" and that she "did not authorize FACEBOOK [*sic*] to share [her] content and information with third party Apps, including Whitelisted Apps, or with Facebook's Business Partners such as device makers in violation of users' personal privacy settings." *Id*. at 3−4. As alleged, Ms. Rose makes a plausible claim that Facebook acted without authorization to share at least her private user information to unauthorized third parties. Therefore, Ms. Rose meets the first required element under the SCA.

### B. The "Facility" Element Under the SCA

Ms. Rose plausibly alleges a facility within the meaning of the SCA. The SCA does not expressly provide a statutory definition of "facility." *In re Facebook*, 956 F.3d at 609 n.10. Where a statute is silent and the language is ambiguous, a court may look to legislative history to discern the meaning of the statutory language. *Tides v. The Boeing Co.*, 644 F.3d 809, 814 (9th Cir. 2011). Here, the Ninth Circuit specifically found the SCA's "legislative history suggests that Congress intended the term 'electronic storage' to be broadly construed, and not limited to 'particular mediums, forms, or locations.'" *Id*. (citing *Hately v. Watts*, 917 F.3d 770, 786 (4th Cir. 2019) (citing H.R. REP., NO. 99-647, at 39 (1986))). "[T]he SCA is meant to protect information held by centralized communication providers[; it] is not meant to provide a catch-all to protect the privacy of stored internet communications." *Biesenbach*, 2022 WL 204358 at *5 (quoting *Lopez v. Apple, Inc.*, 519 F. Supp. 3d 672, 686 (N.D. Cal. 2021)) (internal citations omitted); *see also In re Facebook*, 956 F.3d at 609 ("[T]he SCA has typically only been found to apply in cases involving

5

a centralized data-management entity; for instance, to protect servers that stored emails for significant periods of time between their being sent and their recipients' reading them.")).

While Ms. Rose does not explicitly indicate Facebook has a facility, Ms. Rose details sufficient contextual information to reasonably infer that "users['] private Facebook information" is stored in a traditional or industry-standard storage device (such as a server, a well-known electronic storage means) in order for said information to be later "sold [] to third parties." [Dkt. 1 at 3–4]. Ms. Rose further alleges Facebook has acted as a "data broker," *id.*, and the SCA has been typically found to apply in cases involving a centralized data-management entity. *In re Facebook*, 956 F.3d at 609. While Ms. Rose does not plead this element in detail, the complaint's allegations are sufficient for the purposes of putting Facebook on notice of the allegations under the SCA and sufficient for the purposes of the screening requirement under section 1915. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555 (2007)). Therefore, the Court finds that the complaint satisfies the "facility" element under the SCA.

### C. The "Electronic Communication" Element Under the SCA

Ms. Rose plausibly alleges the "electronic communications" element within the meaning of the SCA. The SCA defines "electronic communication" as "any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic or photooptical system that affects interstate or foreign commerce." 18 U.S.C. § 2510(12).

Here, Ms. Rose alleges Facebook "shared" users' private Facebook information, Facebook sold access to users' private information, and Facebook shared "content and information" to third parties. [Dkt. 1 at 3–5]. Such information would plausibly constitute data within the meaning of the SCA. 18 U.S.C. § 2510(12). Ms. Rose's allegations are more detailed and specific compared to other cases within this district as she details facts to reasonably infer a plausible claim that the referenced users' data was transmitted. *Cf. Biesenbach*, 2022 WL 204358 at *5. In *Biesenbach*, the complaint failed to state a claim under the SCA because that complaint only referred to "organizational data" "without more detail." *Id.* Ms. Rose specifically alleges Facebook shared

users' private Facebook information, including her own information as she has been a Facebook user since 2007. [Dkt. 1 at 3]. Ms. Rose's complaint, liberally construed, would afford Facebook enough notice of the claims brought against the defendant for the purposes of screening the complaint under section 1915. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555 (2007)). Therefore, Ms. Rose has met the "electronic communications" element under the SCA.

### D. The "Electronic Storage Element" Under the SCA

Ms. Rose pleads sufficient contextual factual details to reasonably infer an "electronic storage" within the meaning of the SCA. The SCA defines "electronic storage" as: "[(a)] any temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof; and [(b)] any storage of such communication by an electronic communication service for purposes of backup protection of such communication[.]" 18 U.S.C. §§ 2711(1), 2510(17). In order to plead this element for the purposes of screening a *pro se* Plaintiff with *in forma pauperis* status, the *pro se* Plaintiff must fully describe the nature of the communications. *Biesenbach*, 2022 WL 204358 at *5 (Plaintiff did not "fully describe[] the nature of the communications, the server in question, and why it falls within the purview of 'electronic storage[]'"). In *Biesenbach*, the Court denied Biesenbach's SCA claim because the complaint only contained conclusory allegations that the plaintiff had a "right to damages because he is a 'licensee of Google's VOIP telephone service[,]'" and because the complaint only alleged Defendant "'used log-in credentials with the intent to bypass G Suites['] security software gaining access to plaintiff's organizational data hosted on a server.'" *Id.* (citations omitted).

Here, Ms. Rose's complaint, as liberally construed, contains more than conclusory allegations. [Dkt. 1 at 3−5]. The complaint alleges specific conduct by which Facebook allegedly engaged in violations of the SCA. *Id.* Unlike *Biesenbach*, where the complaint did not fully describe the nature of the communications, the complaint here has sufficiently detailed factual allegations to put Facebook on notice and has met the requirements for the mandatory screening requirement pursuant to section 1915. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555 (2007)). Accordingly, Ms. Rose's complaint, liberally construed, states a claim on which relief may be

7

1  granted.

2

3  **III.   WHETHER DEFENDANT HAS IMMUNITY FROM MONETARY RELIEF**

4   Ms. Rose's complaint does not "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii).  A private entity, not acting on behalf of the state, is not immune to monetary damages because of its status as a private entity. *See e.g.*, *Del Campo v. Kennedy*, 517 F.3d 1070 (9th Cir. 2008); *Lane v. Pena*, 518 U.S. 187 (1996).  The SCA also creates a private right of action for a Plaintiff to recover monetary relief in the form of statutory damages. *Cline v. Reetz-Laiolo*, 329 F. Supp. 3d 1000, 1045 (N.D. Cal. 2018).

Here, nothing in the complaint indicates Facebook is immune given its entity status.  The Court takes Judicial Notice that Facebook is a private entity. *See bizfile Online*, Cal. Sec'y of State, https://bizfileonline.sos.ca.gov/search/business (search for "Meta Platforms, Inc." or file no. 2711108) (last visited on Sept. 7, 2023).  Courts have the authority to take Judicial Notice of certain facts under the proper circumstances. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Minor v. FedEx Office & Print Servs.*, 78 F. Supp. 3d 1021, 1028 (N.D. Cal. 2015) (taking Judicial Notice of record of administrative agencies and publicly accessible websites).  Further, Facebook has taken the position that it is a private entity before this Court. *Children's Health Def. v. Facebook Inc.*, 546 F. Supp. 3d 909, 923 (N.D. Cal. 2021) (Facebook taking the position that it is a private entity).  As a private entity, Facebook is not given immunity from suits for monetary damages under the SCA, which allows Ms. Rose to pursue a claim for monetary relief.

Additionally, Ms. Rose may seek monetary relief under the SCA. *Cline v. Reetz-Laiolo*, 329 F. Supp. 3d at 1045.  Here, Ms. Rose seeks various forms of relief, including monetary relief, against Facebook. [Dkt. 1 at 7].  Therefore, Ms. Rose's complaint meets the mandatory screening requirements under section 1915.

**IV.   CONSENT, SUMMONS, AND RELATING CASES**

Ms. Rose has indicated she has consented to Magistrate Jurisdiction, waived summons, and

requested Facebook to also waive service of summons. [Dkt. 6]. As Facebook has not been served nor summoned, the Court directs the Clerk of the Court to issue a summons and directs the Marshal to serve all relevant documents on Defendant Facebook.

Additionally, Ms. Rose avers her claims are related to the concurrent multidistrict litigation: *In re Facebook, Inc.*, No. 18-MD-02843-VC, (N.D. Cal. June 6, 2018). [Dkt. 1]. Ms. Rose is **ADVISED** that Civil Local Rule 3-12 governs the relation of cases and the local rules require a motion for administrative relief pursuant to this Court's Local Rule 7-11 when a plaintiff believes two cases are related. *Civil Local Rules*, Northern District of California, https://www.cand.uscourts.gov/rules/civil-local-rules/ (last revision: Aug. 24, 2023) (last accessed: Sept. 7, 2023). Specifically, Local Rule 3-12(b) states:

> Whenever a party knows or learns that an action, filed in … this district is (or the party believes that the action may be) related to an action which is or was pending in this District as defined in Civil L.R. 3-12(a), ***the party must promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related, pursuant to Civil L.R. 7-11.*** In addition to complying with Civil L.R. 7-11, a copy of the motion, together with proof of service pursuant to Civil L.R. 5-5, must be served on all known parties to each apparently related action. A courtesy copy of the motion must be lodged with the assigned Judge in each apparently related case under Civil L.R. 5-1(d)(7).

Civil L.R. 3-12(b) (emphasis added). The *In re Facebook* case referred to by Ms. Rose is lower numbered (No. 18-MD-02843-VC) than this case (23-cv-04128-PHK), and so Ms. Rose is **ADVISED** that, if she believes these cases are related, she should promptly file her Administrative Motion to Consider Whether Cases Should be Related in case No. 18-MD-02843-VC.

The Court further **ADVISES** Ms. Rose that the Court makes available a guide for *pro se* litigants titled *Representing Yourself in Federal Court: A Handbook for Pro Se Litigants*, which provides instructions on how to proceed at every stage of a *pro se* plaintiff's case such as this, including discovery, motions, and trial. *See* https://www.cand.uscourts.gov/wp-content/uploads/2020/02/Pro_Se_Handbook_2020ed_links_ 12-2021_MBB.pdf (also available in hard copy free of charge from the Clerk of Court's Office). The Court additionally has a webpage with resources for *pro se* litigants: https://www.cand.uscourts.gov/pro-se-litigants/. Additionally, Ms. Rose may wish to contact the Legal Help Center, available by phone at 415-782-8982 or email

fedpro@sfbar.org, for a free appointment with a volunteer who may be able to provide basic legal help, but not legal representation, regarding this case.

### CONCLUSION

For the reasons discussed herein, the Court finds that plaintiff's complaint complies with the mandatory screening requirements of section 1915(e)(2)(B).  Accordingly, the Court directs the Clerk of the Court to issue a summons and directs the Marshal to serve the complaint and all relevant documents on Defendant Facebook.

**IT IS SO ORDERED.**

Dated:  October 5, 2023

_____
PETER H. KANG
United States Magistrate Judge